**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JANE DOE,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **Civil Action No. 3:15-cv-00173-P** |
| **v.** | § | |
| | § | |
| **CLEBURNE INDEPENDENT SCHOOL** | § | |
| **DISTRICT,** | § | |
| | § | |
| **Defendants** | § | |

**DEFENDANT CLEBURNE INDEPENDENT SCHOOL DISTRICT'S ORIGINAL**
**ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND TO PLAINTIFF'S**
**ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, Cleburne Independent School District ("CISD"), and files this its Original Answer, Affirmative Defenses and Jury Demand in response to Plaintiff's First Amended Complaint ("Plaintiff's Amended Complaint").

**I.**
**INTRODUCTION**

1.1     CISD admits that Plaintiff is alleging this is a sexual assault and molestation action for money damages arising from alleged violations of Jane Doe's federal civil rights. CISD denies any wrongdoing or liability.  CISD denies that it violated any of Jane's civil rights and further denies that it committed any acts that would subject it to liability for any alleged violations of Jane's civil rights.  CISD denies the remaining allegations in paragraph 1.1 of Plaintiff's Amended Complaint.

## II.
## PARTIES

2.1    CISD admits that the complaint was originally filed by John Doe as next friend of Jane Doe.  CISD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2.1 of Plaintiff's Amended Complaint.

2.2    CISD admits that CISD is local government entity located in Johnson County, Texas.  CISD admits that it has policies, practices, and customs hires, trains, supervises, and disciplines its employees.  CISD denies that it was the employer of the school personnel named as individual Defendants, since there are no individual Defendants.  CISD admits that it was served with process.  CISD denies the remaining allegations contained in paragraph 2.2 of Plaintiff's Amended Complaint.

## III.
## JURISDICTION AND VENUE

3.1    CISD admits that this Court, generally speaking, has original federal question jurisdiction over cases brought under Title IX of the Education Amendments of 1972, at 20 U.S.C. § 1681 ("Title IX").

3.2    CISD admits that this Court, generally speaking, has original federal question jurisdiction over claims brought under 42 U.S.C. § 1983, pursuant to 28 U.S.C. § 1331.

3.3    CISD admits that venue properly lies in the Northern District of Texas.  CISD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3.3 of Plaintiff's Amended Complaint.

## IV.
## BACKGROUND

4.1     CISD admits that the Plaintiff claims that when she alleges in her complaint that CISD committed any act and/or omission, the Plaintiff means that CISD and/or its officers, principles, agents, teachers, employees, or representatives committed such act and/or omission. CISD denies that CISD can be held vicariously liable for such acts or omissions of the various persons described.  CISD denies that all the actions alleged by Plaintiff were done with full authorization and/or ratification of CISD.  CISD denies that all of the alleged actions described in Plaintiff's Amended Complaint were done in the normal and routine course and scope of employees of CISD.  CISD denies the remaining allegations contained in paragraph 4.1 of Plaintiff's Amended Complaint.

4.2     CISD admits that in the spring of 2012, CISD began interviewing for a new High School Girls' Soccer Coach and hired Francis.  CISD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4.2 of Plaintiff's Amended Complaint.

4.3     CISD admits that Francis' official start date was August 20, 2012, and that he was hired as the Head Soccer Coach and Technology teacher.  CISD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4.3 of Plaintiff's Amended Complaint.

4.4     CISD is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.4 of Plaintiff's Amended Complaint.

4.5     CISD admits that the student's first day of school for the 2012-2013 school year was August 27, 2012.  CISD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4.5 of Plaintiff's Amended Complaint.

4.6     CISD admits that, in approximately September 2012, CISD employees conducted an investigation of various complaints made against Francis.  CISD admits that the complaints included allegations that Francis had prohibited the soccer player from wearing white soccer shorts at certain events.  CISD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4.6 of Plaintiff's Amended Complaint.

4.7     CISD is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.7 of Plaintiff's Amended Complaint.

4.8     CISD admits that Mr. Kidd investigated the allegations against Francis.  CISD also admits that Francis generally denied the allegations against him.  CISD admits that Francis stated, in regard to one of the allegations, that a text message sent to one of his players was sent accidentally and was meant for another person with the same first name.  CISD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4.8 of Plaintiff's Amended Complaint.

4.9     CISD admits that, after investigating the prohibition against the girls' soccer team wearing white shorts at certain events, Mr. Kidd concluded that the prohibition did not violate CISD board policy.  CISD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4.9 of Plaintiff's Amended Complaint.

4.10    CISD admits that Mr. Kidd found that Francis may have violated CISD's board policies regarding use of social media with a student and by using inappropriate language. CISD further admits that Mr. Kidd, in a letter to Francis, directed Francis to limit his use of electronic media to communicate with students to matters within the scope of his professional

responsibilities and to not use profanity.  CISD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4.10 of Plaintiff's Amended Complaint.

4.11    CISD is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.11 of Plaintiff's Amended Complaint.

4.12    CISD admits that after the conclusion of the September 2012 investigation, Francis resumed his normal coaching duties.  CISD denies the remaining allegations contained in paragraph 4.12 of Plaintiff's Amended Complaint.

4.13    CISD is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.13 of Plaintiff's Amended Complaint.

4.14    CISD is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.14 of Plaintiff's Amended Complaint.

4.15    CISD admits that in late January 2013, Francis and the Assistant High School Girls' Soccer Coach, Coach Green, took the team to Houston to compete in a tournament.  CISD admits that the team stayed at a Comfort Inn, that the team's rooms were on two different floors, and that one coach stayed in a room located on each floor. CISD denies that Coaches under CISD policy were to room together.  CISD denies that Francis changed his pants in front of several of the girls.  CISD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4.15 of Plaintiff's Amended Complaint.

4.16    CISD is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.16 of Plaintiff's Amended Complaint.

4.17     CISD is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.17 of Plaintiff's Amended Complaint.

4.18     CISD is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.18 of Plaintiff's Amended Complaint.

4.19     CISD is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.19 of Plaintiff's Amended Complaint.

4.20     CISD is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.20 of Plaintiff's Amended Complaint.

4.21      CISD is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.21 of Plaintiff's Amended Complaint.

4.22     CISD is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.22 of Plaintiff's Amended Complaint.

4.23     CISD admits that in late April of 2013, after receiving notice of a rumor that Francis and a player were having an inappropriate relationship, CISD initiated an investigation. CISD admits that Jane was interviewed by Officer Abbot at the school and that Jane denied the existence of an inappropriate relationship.  CISD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4.23 of Plaintiff's Amended Complaint.

4.24     CISD admits that a coach received an email from Francis' wife asking which player had a particular cell phone number.  CISD admits that Francis returned to school, after being absent for at least one day, with a black eye and that Francis told school authorities that his injuries were the result of a confrontation in which he protected his wife and children.  CISD is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4.24 of Plaintiff's Amended Complaint.

4.25     CISD admits that Francis was placed on paid administrative leave during the investigation.  CISD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4.25 of Plaintiff's Amended Complaint.

4.26     CISD is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.26 of Plaintiff's Amended Complaint.

4.27     CISD admits that on or about May 13, 2013, Jane and Francis both admitted to engaging in sexual intercourse to Detective Bagwell of the Cleburne Police Department.  CISD admits that Jane had a physical exam at Cook's Children's Hospital.  CISD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4.27 of Plaintiff's Amended Complaint.

4.28     CISD admits that the soccer team was advised that Francis would not be at school.  CISD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4.28 of Plaintiff's Amended Complaint.

4.29     CISD admits that Francis plead guilty to charges and was sentenced to jail time. CISD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4.29 of Plaintiff's Amended Complaint.

4.30     CISD denies the allegations contained in paragraph 4.30 of Plaintiff's Amended Complaint.

4.31     CISD is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.31 of Plaintiff's Amended Complaint.

# V.
## CAUSES OF ACTION

**TITLE IX VIOLATIONS**

5.1     CISD admits that Plaintiff incorporated certain paragraphs into paragraph 5.1 of her Amended Complaint, and CISD re-asserts and incorporates its corresponding responses to the incorporated paragraphs.

5.2     CISD denies the allegations contained in paragraph 5.2 of Plaintiff's Amended Complaint.

**42 U.S.C. § 1983 VIOLATIONS**

5.3     CISD admits that Plaintiff incorporated certain paragraphs into paragraph 5.3 of her Amended Complaint, and CISD re-asserts and incorporates its corresponding responses to the incorporated paragraphs.

5.4     CISD denies the allegations contained in paragraph 5.4 of Plaintiff's Amended Complaint.

5.5     CISD is not required to respond to paragraph 5.5 of Plaintiff's Amended Complaint because it is a statement of law.  To the extent that any answer is required, CISD denies the allegations.

5.6     CISD is not required to respond to the allegation that Defendant is a "person" within the meaning of the statute in paragraph 5.6 of Plaintiff's Amended Complaint because it is a statement of law.  CISD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5.6 of Plaintiff's Amended Complaint.

5.7     CISD denies the allegations contained in paragraph 5.7 of Plaintiff's Amended Complaint because it is a statement of law.

5.8     CISD denies the allegations contained in paragraph 5.8 of Plaintiff's Amended Complaint.

5.9     CISD denies the allegations contained in paragraph 5.9 of Plaintiff's Amended Complaint.

5.10    CISD denies the allegations contained in paragraph 5.10 of Plaintiff's Amended Complaint.

## VI.
## ATTORNEY'S FEES

6.1     CISD admits that Plaintiff seeks the relief listed, but denies that it is liable to Plaintiff for any such relief.

## VII.
## DAMAGES

7.1     CISD admits that Plaintiff seeks the relief listed, but denies that it is liable to Plaintiff for any such relief.

## VIII.
## DEMAND FOR JURY

8.1     CISD admits that Plaintiff has requested a trial by jury and CISD also requests a trial by jury.

## IX.
## DEFENDANT CISD'S AFFIRMATIVE DEFENSES

1.      CISD affirmatively pleads that Plaintiff failed to state a claim against CISD upon which relief can be granted.

2.      CISD affirmatively pleads that it cannot be liable for any civil rights violations under 42 U.S.C. § 1983 on the basis of a respondeat superior theory of liability.

3.      CISD affirmatively pleads that no alleged violation of Plaintiff's federal Constitutional or federal statutory rights was caused by a policy, custom, or practice of CISD

4.      CISD affirmatively denies that any of its policies, customs, or practices exhibit deliberate indifference to the federal Constitutional or federal statutory rights of students in CISD or to any other person.

5.      CISD affirmatively pleads that it cannot be liable for an alleged sexual assault or molestation under Title IX under a respondeat superior theory of liability.

6.      CISD affirmatively pleads that it cannot be liable for punitive/exemplary damages.

7.      CISD affirmatively pleads that no appropriate person or policymaker was deliberately indifferent to the Constitutional or other statutory rights of Plaintiff, or any other person.

8.      CISD affirmatively pleads and invokes the defense of governmental immunity.

9.      CISD affirmatively pleads that the incident at issue and any damages of which Plaintiff complains were solely and proximately caused by the intentional, criminal conduct of Christopher Francis, for which acts, CISD is not, under the law, responsible.

WHEREFORE, PREMISES CONSIDERED, CISD prays that Plaintiff have and recover nothing from CISD and that, on trial hereof, CISD be discharged with its costs herein, and for such other and further relief, both at law and in equity, both general and special, to which it may show itself to be justly and equitably entitled.

Respectfully submitted,

   /s/ Thomas P. Brandt
THOMAS P. BRANDT
   State Bar No. 02883500
   tbrandt@fhmbk.com
JOSHUA A. SKINNER
   State Bar No. 24041927
   jskinner@fhmbk.com
NICHOLE M. PLAGENS
   State Bar No. 24083665
   nplagens@fhmbk.com

FANNING HARPER MARTINSON
   BRANDT & KUTCHIN, P.C.
Two Energy Square
4849 Greenville Ave., Suite 1300
Dallas, Texas 75206
(214) 369-1300 (office)
(214) 987-9649 (telecopier)

ATTORNEYS FOR DEFENDANTS
CLEBURNE ISD AND JENNIFER BAADSGAARD

CERTIFICATE OF SERVICE

This is to certify that on the 28th day of October, 2015, I electronically filed the foregoing document with the clerk of the Court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court, and that it reported that it was delivered to all attorneys of record.

   /s/ Thomas P. Brandt
THOMAS P. BRANDT